UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PHILPOTT, | ) | CASE NO. 5:24-cv-580 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF STOW, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Michael Philpott ("Philpott") moves for reconsideration of the Court's memorandum opinion and order granting in part defendants' motion for judgment on the pleadings. (Doc. No. 30 (Motion for Reconsideration); *see* Doc. No. 26 (Memorandum Opinion and Order).) Defendants City of Stow (the "City"), Officer Stephan Miller ("Miller"), Officer Samantha Wike ("Wike"), and Officer Kristopher Maruna ("Maruna," together with Miller and Wike, the "Officers") oppose the motion. (Doc. No. 31 (Response).) Philpott filed a reply. (Doc. No. 33 (Reply).) For the reasons explained below, the motion is **DENIED.**

I.    BACKGROUND

In July 2023, Philpott was arrested by Stow Police and held in jail for a week based on a warrant that he alleges was "cleared [] out" or "removed[.]" (*See* Doc. No. 1 (Complaint), at 4–11.) Philpott subsequently sued the City under 42 U.S.C. § 1983, claiming that his arrest and detention, as well as a search of his vehicle violated his constitutional rights. *See Philpott v. City of Stow*, No. 5:23-cv-1885, 2024 WL 22101, at *1 (N.D. Ohio Jan. 2, 2024) (Lioi, J.). Because he proceeded *in forma pauperis*, the Court conducted a screening of his complaint under 28 U.S.C. §

1915(e)(2), which mandates dismissal of any *in forma pauperis* action that fails to state a claim on which relief can be granted. *Id*. Finding that Philpott had not sufficiently alleged a *Monell* claim against the City, the Court dismissed the case pursuant to § 1915(e)(2). *Id*. at *2.

Philpott later filed this lawsuit, which concerns the same arrest. He again named the City as a defendant but added claims against the Officers. (Doc. No. 1, at 1.) The City and Officers answered and moved for judgment on the pleadings, arguing (among other things) that the dismissal of Philpott's earlier lawsuit precluded him from asserting claims against the City or Officers. (Doc. No. 14 (Motion for Judgment on the Pleadings), at 4–5.) The Court concluded that Philpott's claims against the City and Officers in their official capacities were barred by the res judicata doctrine, but that his individual capacity claims were not. (Doc. No. 26, at 6–8.) Philpott asks the Court to reconsider that ruling "to the extent it dismissed [his] claims against [the City] and [the Officers] in their official capacities on the grounds of res judicata." (Doc. No. 30, at 1.)

## II.    STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, such motions are typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citation omitted). The purpose of Rule 59(e), however, is not to provide an unhappy litigant "a second bite at the apple." *Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-cv-325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019) (citation omitted). Instead, a court should only grant a motion for reconsideration where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551–52 (6th Cir. 2012) (citation omitted). Absent one of those circumstances, it follows that a "motion for reconsideration which presents the same issues already

2

ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Exec. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020) (citation and quotation marks omitted). Put differently, motions for reconsideration "may not be used to simply rehash rejected arguments[.]" *Dykes v. Marshall*, No. 1:14-cv-1167, 2016 WL 11644970, at *1 (W.D. Mich. Apr. 7, 2016) (citations omitted).

## III.  DISCUSSION

As Philpott sees it, the Court's prior ruling warrants reconsideration for three reasons. First, he claims the Court failed to recognize that his operative complaint provided "substantially more detail and evidence[,]" as well as "additional factual developments or legal theories" that cured "deficiencies from [his] prior pleading[.]" (Doc. No. 30, at 2–3.) Second, Philpott seems to suggest that the Court erred by construing the dismissal of his earlier suit as an adjudication on the merits, rather than a procedural ruling. (*Id.* at 2.) Finally, he argues that "reconsideration is appropriate to prevent manifest injustice." (*Id.*) None of those arguments convince the Court that it should reconsider its earlier ruling.

Start with Philpott's assertion that the Court "overlooked" the operative complaint's "substantially different and more developed set of allegations[.]" (*Id.* at 1–2.) Philpott, for example, points out additional facts supporting his claim "that the City maintained a policy or custom that encouraged unconstitutional searches[.]" (*Id.* at 2.) But Philpott raised similar arguments in his opposition to judgment on the pleadings. (*See* Doc. No. 19, at 2–3.) The Court considered and rejected those arguments. (Doc. No. 26, at 6–8.) Far from overlooking Philpott's new allegations, the Court determined that he was precluded from asserting them in this suit. (*Id.* at 7.) A motion for reconsideration is not the proper vehicle to rehash that argument. *Dykes*, 2016 WL 11644970, at *1.

3

In any event, the Court does not find Philpott's argument persuasive. "Res judicata bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citations omitted). Here, to be sure, the operative complaint contains "factual distinctions" and "new allegations[.]" (Doc. No. 30, at 2.) But each arises from Philpott's arrest, and Philpott does not suggest that the new facts were unavailable at the time of his initial suit. Instead, "it appears that he is trying to make a second attempt at recounting the defendants' role in the events underlying the previous complaint." *Frazier v. Kisor*, No. 19-12419, 2021 WL 3417920, at *3 (E.D. Mich. Aug. 5, 2021). Because Philpott could have included all of his new allegations in his original case, his claims against the City and Officers in their official capacities are barred by res judicata.

Next, Philpott claims that res judicata is inapplicable because the dismissal of his prior case "was procedural in nature, not a full merits determination." (*Id.* at 2.) The Sixth Circuit, however, has been clear that a dismissal under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata, at least in subsequent lawsuits filed *in forma pauperis*. *See, e.g.*, *Burton*, 102 F. App'x at 463 ("In the prior action, the district court dismissed Burton's complaint pursuant to the provisions of § 1915(e), which constitutes an adjudication on the merits for purposes of res judicata." (citation omitted)); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003) ("The dismissal of Smith's prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata." (citation omitted)); *Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) ("The § 1915(e) dismissals of Hill's two earlier IFP complaints have res judicata effect and establish that Hill's third IFP complaint is frivolous for purposes of § 1915(e)." (citations omitted)).

4

Finally, Philpott suggests that the Court should revisit its prior ruling to prevent "manifest injustice." (Doc. No. 30, at 2.) "Manifest injustice exists if there is a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and contrary to applicable policy." *Wade v. Franklin Cnty., Ohio*, No. 2:21-cv-305, 2024 WL 3163814, at \*2 (S.D. Ohio June 25, 2024) (citations omitted). As explained above, Philpott's initial case was dismissed under 28 U.S.C. § 1915(e)(2). When that complaint was dismissed, Philpott could have sought leave to amend. *See* Fed. R. Civ. P. 15; *Frazier*, 2021 WL 3417920, at \*3 (recognizing motion to amend as proper vehicle to allege additional facts). Because Philpott instead choose to file a second *in forma pauperis* lawsuit, res judicata principles apply. *See, e.g.*, *Burton*, 102 F. App'x at 463. Application of those well-settled principles does not lead to manifest injustice.

## IV.  CONCLUSION

Because Philpott has not pointed to any circumstances justifying reconsideration, his motion (Doc. No. 30) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 6, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**