**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL PHILPOTT, | ) | CASE NO. 5:24-cv-580 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CITY OF STOW, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court are two motions filed by plaintiff Michael Philpott ("Philpott"). First, Philpott seeks a default judgment against defendant Erika L. Johnson ("Johnson"). (Doc. No. 46 (Motion for Default).) The motion is unopposed. Second, Philpott moves to amend his complaint to add an additional party and additional claims. (Doc. No. 44 (Motion to Amend).) Before he was discharged from this litigation, defendant Douglas E. Quiner ("Quiner") filed an opposition (Doc. No. 47 (Response to Motion to Amend)), and Philpott filed a reply. (Doc. No. 48 (Reply in Support of Motion to Amend).)[1] For the reasons that follow, the motions are denied and this case is closed.

### I. INTRODUCTION AND BACKGROUND

The Court set forth the factual and procedural background in detail in its March 25, 2025 Memorandum Opinion and Order (Doc. No. 26), and familiarity with this prior decision is

---

[1] Quiner also filed a motion to strike Philpott's reply brief. (Doc. No. 49 (Motion to Strike).) Given the Court's resolution of the two substantive motions, and Quiner's dismissal from this action, the procedural motion to strike is denied as moot.

assumed. To resolve the pending motions, it is sufficient to note that this civil rights action arises out of a July 1, 2023 traffic stop of Philpott initiated by Stow Police Department Officer Samantha L. Wike ("Wike"). (Doc. No. 26, at 2[2]; *see* Doc. No. 1 (Complaint) ¶ 8.) Wike pulled Philpott over because he had an outstanding arrest warrant from Las Vegas. (Doc. No. 26, at 2.) After Wike confirmed that the warrant was still valid, Philpott was arrested and transported to the Summit County Jail, and his vehicle was towed. (Doc. No. 26, at 2–3; *see* Doc. No. 1 ¶¶ 15, 19.) Philpott alleges that, upon his arrival at the county jail, the Las Vegas warrant was removed from the system. (Doc. No. 26, at 3; *see* Doc. No. 1 ¶¶ 21, 23, 29.) Philpott further alleges that Wike and Stow Police Officer defendant Kristopher J. Maruna ("Maruna") searched his vehicle during which they caused damage to it. (Doc. No. 26, at 3; *see* Doc. No. 1 ¶¶ 15, 31.) Philpott was held in the county jail for a week before he was released. (Doc. No. 26, at 3; *see* Doc. No. 1 ¶ 28.)

On March 29, 2024, Philpott filed the present civil rights action against defendants City of Stow ("Stow"), Wike, Maruna, and Lieutenant Stephan Miller ("Miller") (collectively, the "Stow Defendants"); Quiner, a lieutenant with the Summit County Sheriff's Office; and Erika L. Johnson ("Johnson"), an employee of the Las Vegas Metropolitan Police Department. (Doc. No. 1, at 1.) Philpott raised five claims relating to his traffic stop and arrest, the search and seizure of his vehicle, and his detention in the Summit County Jail. (*See generally id.*)

The Stow Defendants and Quiner separately moved for judgment on the pleadings (Doc. No. 14 (Stow Defendants MJP); Doc. No. 18 (Quiner MJP).) On March 25, 2025, the Court granted the motions in part. (*See* Doc. No. 26.) Specifically, the Court dismissed the claims against Stow

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

and the individual officers in their official capacities, finding these claims barred by the doctrine of *res judicata*. (*Id*. at 7.) The Court also dismissed the claims relating to the traffic stop and Philpott's arrest, finding that Wike, Maruna, and Miller were entitled to qualified immunity. (*Id*. at 21–22.) The Court denied judgment on the pleadings as it related to Philpott's claims involving his detention in the county jail and the search of his vehicle. (*Id*. at 13–21.)

On October 20, 2025, Philpott and the Stow Defendants entered into a stipulation dismissing the claims against the Stow Defendants with prejudice. (Doc. No. 50 (Stipulated Dismissal).) On November 4, 2025, Philpott filed a motion under Fed. R. Civ. P. 21 to drop Quiner as a defendant from this action, after he and Quiner reached a settlement during a telephonic status conference on October 30, 2025. (Doc. No. 54; *see* Minutes of Proceedings [non-document], 10/30/2025.) The Court granted the Rule 21 motion on November 6, 2025. (Doc. No. 55.) As of the date of this Memorandum Opinion, only Johnson remains as a defendant.

## II.    MOTION FOR DEFAULT JUDGMENT

Philpott requests that the Court issue a default judgment against Johnson and award him damages, costs, and post-judgment interest. (Doc. No. 46, at 1, 3.) In support of his motion, he offers an affidavit of damages (Doc. No. 46-1), to which he appends documents relating to service upon Johnson. (*See id*.)

### A.  Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgment. Default has been entered by the Clerk against Johnson pursuant to Rule 55(a). (*See* Doc. Nos. 43, 45.) Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford*

3

*Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing if the Court needs to: (1) conduct an accounting, (2) determine the amount of damages, (3) establish the truth of any allegations by evidence, or (4) investigate any other matter. In this case, the Court has examined the record before it and Philpott's submissions in support of his motion for default judgment and concludes that a hearing is not necessary to rule upon the motion.

The decision to grant default judgment is within the district court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing, among authority, 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")). Thus, Johnson's default does not automatically entitle Philpott to relief.

In order to rule on the motion for default, the Court must determine whether the factual allegations in the complaint deemed admitted by Johnson's default, and reasonable inferences derived therefrom, are sufficient to satisfy the elements of Philpott's legal claims for which he seeks default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (finding even though defendant has defaulted, the court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default (citation omitted)); *see also Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citations omitted)). Legal conclusions in the complaint are not

4

deemed admitted by a defendant's default.

### B. Discussion

Only one of the claims in the complaint is to directed to Johnson. Specifically, the Fourth Claim provides:

> ERIKA JOHNSON [email omitted] of Las Vegas Police, [] contacted Ohio Sheriffs [sic] for an illegal detainer July 3, 2023. July 1st, Las Vegas initially refused to justify Stow PD arrest & removed the 10-year-old warrant from LEADs. JOHNSON [who] is not a governor or state official authorized on extraditions asked Summit Sheriffs &/or Quiner to hold me contrary [to] ORC Section 311.07, 18 U.S.C. § 3182 & Ohio Revised Code Chapter 2963. JOHNSON negligently called the 10-year-old warrant a felony & despite NRS stating it was a gross misdemeanor. JOHNSON detainer was contrary to the Prosecutor['s] wishes to dismiss the case & quash the warrant. STOW & [QUINER] blamed [t]his constitutional detention on JOHNSON that resulted in no charges [and] resulted in $2,194 damages due to unconstitutional arrest without hearing.

(Doc. No. 1 at 9–10 (all capitalization and punctuation in original).) Further, only one paragraph in the section styled, "Statement of Facts" mentions Johnson. Specifically, paragraph 36 provides:

> JOHNSON of Las Vegas PD did not provide any legal written demand to Ohio to justify my extradition. When I emailed Johnson to cite the law or policy for interstate detainer & extradition, none was provided. Stow Police and Quiner did not give an explanation on why the warrant was removed the same [d]ay I was arrested. My complaints to seek answers for the illegality of my extradition arrest went unanswered by City of STOW, Summit County Sheriffs & Las Vegas Metro PD.

(*Id*. ¶ 36 (all punctuation and capitalization in original).)

It appears that Philpott is attempting to assert a Fourth Amendment and/or Fourteenth Amendment claim against Johnson and others under 42 U.S.C. § 1983. The factual allegations involving Johnson, however, do not support such a claim. A successfully pleaded § 1983 claim must include two elements: (1) that plaintiff has been deprived of a right secured by the "Constitution and laws" of the United States; (2) and that the deprivation was caused by a person

5

acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The second element is met as Johnson, a police officer, was presumably acting under color of law with regard to Philpott's outstanding warrant and possible extradition. Philpott fails, however, to properly plead the violation of a constitutional right.

First, Philpott alleges that Johnson directed Quiner to hold him in custody in violation of 18 U.S.C. § 3182 (addressing extradition); Ohio Rev. Code § 311.07 (denoting the duties of a county sheriff); and Ohio Rev. Code Ch. 2963 (addressing extradition and the interstate agreement on detainers). (Doc. No. 1, at 10.) The Sixth Circuit has recognized, however, that § 1983 is not the proper vehicle for a plaintiff to seek redress for a "failure to follow formal extradition procedures[.]" *Barton v. Norton*, 106 F.3d 1289, 1299 (6th Cir. 1997).[3] Moreover, the law is well settled that a violation of state law will not establish a proper claim pursuant to § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (quotation marks and citation omitted).

Second, Philpott alleges that Johnson "negligently" advised Quiner that the Las Vegas warrant involved a felony offense when, in fact, the offense was merely a gross misdemeanor. (Doc. No. 1 ¶ 36.) Yet, negligence does not give rise to constitutional liability under § 1983. *See Comstock v. McCray*, 273 F.3d 693, 703 (6th Cir. 2011); *Brown v. Muskegon Cnty. Jail*, 1:19-cv-236, 2019 WL 2482359, at *5 (W.D. Mich. June 14, 2019) (citing *Daniels v. Williams*, 474 U.S. 327, 332–36, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). Section 1983 is not an avenue for redress of tort claims against the government or public officials. *See Mertik v. Bialock*, 983 F.2d 1353,

---

[3] Additionally, there is no basis for a stand-alone federal claim under 18 U.S.C. § 3182. *See Fleury v. Polk Cnty. Sheriff's Off.*, No. 24-cv-11417, 2024 WL 4894846, at *6 (E.D. Mich. Nov. 26, 2024) (recognizing that § 3182 does not create a private cause of action).

1362 (6th Cir. 1993) (citation omitted).

Ultimately, the Court finds that Philpott has failed to state a civil rights claim against Johnson under § 1983. Where a complaint fails to state a claim, a motion for default should be denied. *See Harrison v. Bailey*, No. 95-6263, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants." (citation omitted)); *see also Parks v. Conley*, No. 98-5064, 178 F.3d 1295 (Table), 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (affirming magistrate judge's denial of a motion for default judgment and granting summary judgment in favor of the opposing party). Accordingly, Philpott's motion for default judgment is denied.

### III. MOTION TO AMEND

Philpott also moves under Fed. R. Civ. P. 15(a)(2) for leave to amend to add a new defendant—the Summit County Sheriff's Office—and add additional causes of action. (Doc. No. 44; *see* Doc. No. 44-1 (Proposed Amended Complaint).) Specifically, Philpott seeks to add a claim against the Summit County Sheriff's Office for liability under *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) for unlawful detention (Count II). (*See* Doc. No. 44-1, at 4.) He also seeks leave to add federal claims against Quiner for unlawful conditions of confinement and denial of access to the courts (Counts III and IV, respectively), and a state law claim for false imprisonment (Count V). (*See id*. at 4–5.) Each new claim relates to the conditions and circumstances under which he was detained in the Summit Count Jail between July 1, 2023 and July 7, 2023. (*See id.* ¶¶ 18–28.)

While the motion to amend remained pending, Philpott settled with Quiner and dismissed him from this action. (Doc. Nos. 54, 55.) To the extent that Philpott's motion requests leave to

bring additional claims against Quiner, it is denied.[4] Thus, the only part of the motion left for the Court to consider involves the propriety of allowing Philpott to amend the complaint to add a *Monell* claim against a new defendant: the Summit County Sheriff's Office.[5]

### A. Standard of Review

Rule 15(a) provides that, later than 21 days after serving an original complaint, a plaintiff may amend his complaint only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule further provides that the court should freely give leave "when justice so requires." (*Id.*) Despite this liberal standard, "[a] motion for leave to amend . . . may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing the party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment . . . would be futile." *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (citation omitted). One basis for finding

---

[4] Even if Quiner had remained in this lawsuit, Philpott would not have been permitted to advance additional claims against him. A proposed amendment that seeks to add an otherwise untimely claim against an existing party is governed by Rule 15(c)(1)(B), which provides that a claim relates back if the new claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). While Rule 15(c)(1)(B) does not define the terms "conduct, transaction or occurrence[,]" "the court should ask whether the party asserting the statute of limitations had been placed on notice that he could be called to answer for the allegations in the amended pleading." *Zundel v. Holder*, 687 F.3d 271, 283 (6th Cir. 2012) (quotation marks and citation omitted). In the original complaint, the claims against Quiner related to Philpott's arrest and detention pending a possible extradition. The new claims, however, relate to the conditions of Philpott's confinement. Because the new claims relate to very different constitutional violations, Quiner was not on notice that he could be called to answer for such alleged violations. *Id*. at 283 (noting that plaintiff's "previous pleadings were based solely on [plaintiff's] arrest and deportation—not on the abuse he allegedly suffered at the Blount County Jail. The federal defendants were not on notice that they could be called to answer for these allegations.") And even if Philpott were able to satisfy Rule 15(c)(1)(B), which he cannot, his motion would fail because, under Rule 16, there is no basis for finding good cause to justify amending after the deadline for amending and the close of discovery where Philpott should have been aware of the facts giving rise to these claims—the conditions under which he was held and the lack of access to the courts he experienced—at the time he filed the lawsuit. *See Ross v. Am. Red. Cross*, 567 F. App'x 296, 306 (6th Cir 2014) (a plaintiff does not show good cause for extending case management deadlines where facts supporting the proposed amendment were known to plaintiff prior to the expiration of the deadlines (citation omitted)).

[5] The proposed amended complaint also attempts to amplify the allegations against Johnson. (*See* Doc. No. 44-1 ¶ 19.) These revised allegations would still fail to state a claim against Johnson under § 1983 and would be denied as futile for the same reasons the Court denied Philpott's motion for default judgment against Johnson. (*See* II.B., *supra*.)

that an amendment would futile is a determination that a proposed claim is time-barred. *See Clark v. Viacom Int'l, Inc.*, 617 F. App'x 495, 500 (6th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *see also Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 461 (S.D. Ohio 2021) ("[The plaintiffs' proposed] claims for unpaid overtime and untimely payment are time-barred. And where a proposed amended claim is barred by the applicable statute of limitations, such a claim is futile." (citation omitted) (cleaned up)).

The Supreme Court recognizes that § 1983 lacks an explicit statute of limitations, and therefore, directs courts to apply the most analogous statute of limitations of the state from which the claim arose. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S. Ct. 1938, 85 L. Ed. 2d 245 (1985). The Sixth Circuit applies Ohio's two year personal injury statute of limitations to § 1983 claims. *Brown v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012) (applying two year statute of limitations to federal false imprisonment claim (citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); Ohio Rev. Code § 2305.10(A))).

### B. Discussion

As noted, Philpott's proposed *Monell* claim addresses his detention in the Summit County Jail between July 1, 2023 and July 7, 2023. Any *Monell* claim relating to his incarceration would have had to have been brought within two years of this detention to be timely. *See Waseleski v. City of Brooklyn*, No. 1:23-cv-548, 2024 WL 1767279, at *8 (N.D. Ohio Apr. 24, 2024) ("District courts within [the Sixth Circuit] that have addressed this issue have generally determined that a *Monell* claim for liability accrues at the same time the underlying injury occurs." (citing *Boyer v. Clinton Cnty. Sheriff's Off.*, 645 F. Supp. 3d 815, 823 (S.D. Ohio 2020) (collecting cases)). Philpott

sought leave more than three months after this claim expired and, therefore, permitting Philpott to raise this time-barred claim would be futile unless there is a "relation back" between the proposed new claim and his initial pleading.

Relation back for purposes of an amendment that adds the name of a new defendant against whom a claim is asserted is governed by Rule 15(c)(1)(C) and is only permitted: (i) if the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; and (ii) if the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). If these elements are not satisfied and the law that supplies the applicable statute of limitations does not otherwise specifically permit relation back, the amendment cannot relate back. *Id*.

Even if the Court assumes that the Summit County Sheriff's Office received notice of the action by virtue of the fact that its employee, Quiner, was sued in connection with his professional responsibilities, Philpott cannot satisfy the second prong of the relation back test. Specifically, Philpott points to nothing in the record that would establish that the Summit County Sheriff's Office would have been initially identified, "*but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). Philpott has known since the initial filing of this lawsuit that he was detained in the Summit County Jail. (*See* Doc. No. 1 ¶ 28 ("I was detained 1 week at Summit County Jail without any hearing, trial or pending cases.").) Moreover, as noted, Philpott initially brought suit against one of the Sheriff's employees, Quiner, regarding his detention at the Summit County Jail. (*See generally id.*) Philpott has not identified a mistake as to the identity of the municipal entity responsible for his detention.

To the extent that Philpott argues that he only learned during discovery of possible

allegations and theories of recovery against Summit County Sheriff's Office (*see* Doc. No. 44, at 1; Doc. No. 48, at 1), such a lack of prior knowledge does not constitute a "mistake" under by Rule 15(c)(1)(C). *See Rayfield v. City of Grand Rapids, Mich.*, 768 F. App'x 495, 502–03 (6th Cir. 2019) (rejecting argument that plaintiff's ignorance of the county's role in his detention until discovery served as a basis for finding a mistake under Rule 15(c)(1)(C) (citations omitted)); *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433–34 (6th Cir. 2013) ("We have previously held that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)." (citation omitted)); *see, e.g., Robinson v. Butler Cnty., Ky.*, No. 4:18-cv-172, 2020 WL 7389740, at *4 (W.D. Ky. Dec. 16, 2020) (rejecting argument that Rule 15(c)(1)(C) supported adding a defendant whose identity was discovered during discovery (citing *Moore v. Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008))).

Rule 15(c) does not save Philpott's proposed untimely *Monell* claim against the Summit County Sheriff's Office.[6] Because any claim against the Summit County Sheriff's Office would

---

[6] Of course, Philpott faced other barriers to bringing his *Monell* claim. As an initial matter, the Summit County Sheriff's Office is not *sui juris*. *See Hendricks v. Off. of Clermont Cnty. Sheriff*, 326 F. App'x 347, 349 (6th Cir. 2009); *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Papp v. Snyder*, 81 F. Supp. 2d 852, 857 n.4 (N.D. Ohio 2000) (citation omitted). And even if the Court construed the proposed *Monell* claim as raised against Summit County, *see Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002), the claim would still fail. In his proposed *Monell* claim, Philpott claims that the Summit County Sheriff's Office has policies or customs of:

> holding detainees on out-of-state city warrants without Governor's Warrants or LEADS verification; failing to bring detainees promptly before a judge; and having a "no release" detainers even after warrants were recalled. Also, the Summit County Sheriff's Office doesn't discipline Sheriffs who violate state & Federal extradition laws.

(Doc. No. 44-1, at 4 ¶ 32.) But Philpott offers no factual allegations beyond the details of his own case that would, if believed, establish the existence of such policies or customs. A plaintiff's factual allegations must generally extend beyond a single occurrence of unlawful behavior, "which alone does not plausibly allege a continuous custom of" federal rights deprivations. *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 601 (6th Cir. 2025) (citing *Franklin v. Franklin Cnty.*, 115 F.4th 461, 472 (6th Cir. 2024)); *see also Alabasi v. City of Lyndhurst*, No. 1:19-cv-2390, 2020 WL 5369321, at *5 (N.D. Ohio 2020) (dismissing a *Monell* claim where the plaintiff "offer[ed] nothing beyond the conclusory allegation of a policy or custom and the event in question to support their claim").

not relate back to the initial complaint, Philpott's motion to amend is denied.

### IV. CONCLUSION

For the foregoing reasons, Philpott's motion for default judgment and motion to amend are denied, and because Philpott has failed a state a claim against Johnson—the only defendant left in this action—the claim against Johnson is dismissed and the case is hereby closed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 25, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**